COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss

Superior Court
Civil Action No. 2081CV2800
L2

**Complaint for Judicial Review**
Administrative Agency Proceedings

Jerome C Sills Jr
Plaintiff

vs.

Rex Lumber Company
Defendant

In connection with appeal of
See, Attached Documents.

1. This is a complaint seeking judicial review pursuant to G.L.c. 30A Sec 14, G.L.c. 249 Sec 4 or similar statute.
2. Plaintiff _____ is a resident of the Commonwealth of Massachusetts and lives at _____

3. Defendant agency _____ (Agency) has its principal office at _____

4. Plaintiff is aggrieved by a decision of defendant agency denying plaintiff's appeal of
_____

Plaintiff's appeal is based on an assertion that the defendant's agency's findings were (fill in appropriate lines below, including the facts to support your conclusion):
A. In violation of constitutional provisions because
_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# 370 JACKSON STREET
# LOWELL MASSACHUSETTS 01852

| | |
|---|---|
| **Mr. Jerome C Sills**<br>134 Shaw Street.<br>Lowell, Massachusetts 01851-U.S.A<br><br><br><br><br><br>**PLANTIFFS,**<br><br>**VS:**<br><br>**REX LUMBER COMPANY**<br>840 MAIN STREET<br>ACTON, MASSACHUSETTS 01720 –U.S.A | **Request for special action:**<br><br>CASE NUMBER:<br><br>CLASS ACTION:<br><br>COMPLAINT FOR, EQUITABLE<br><br>RELIFE AND DAMAGES,<br><br>JURY TRIAL REQUESTED: |

## COMPLAINT

(1.)
The plaintiffs, as representatives, being Pro, Se, of a class of professional workers as protected by the laws of the United States, under one or more of the following organizational entities. The equal employment opportunity commission, the United States Department of Labor, the Commonwealth of Massachusetts under the labor laws of the state of Massachusetts.

(2.)
On August 21, 2020. The equal employment opportunity commission issued a notification to Jerome Sills authorizing the right to bring forth a complaint in the courts notice of right to sue, the case number is EEOC number-523-2020-00181 primarily in violation of the Americans with disabilities Act, of 1990,

1,

On February 13, 2020 Mr. Sills and his counsel, Wyatt and Associates, a law firm to help negotiate a conciliation and settlement agreement concerning the charge of unlawful discrimination, under the Americans with disabilities act. A settlement was reached, but Mr. Sills refused to sign the agreement, because he deemed it to be an **unfair agreement, also Massachusetts state law says a plaintiff can recover 3 times the** amount in damages, the defendant was willing to offer a settlement of $2000 which was less than what the actual sick time damages would add up to be,

MGL c.149, §§ 148C and 148D. Employees who work for employers having 11 or more employees may earn and use up to 40 hours of paid sick time per calendar year, while employees working for smaller employers may earn and use up to 40 hours of unpaid sick time per calendar year.

(3.)

Mr. Sills acquired legal services from the law offices of WYATT & ASSOCIATES to negotiate a fair settlement concerning, illegal termination of employment. The following letters and exhibits are concerning the negotiations with Rex Lumber Corporation to try and resolve this matter out of court, this documentation is important to the court to review so the court can understand what took place. The simple fact that the defendants offered $2000, means that they knew that there was enough evidence available to prove that they were wrong in the termination that they carried out.

(4.)

Mr. Sills would like to point out to the court several key facts, the 1st one is after a long and lengthy conciliation meeting, the defendant eventually did offer a settlement, however, that settlement was not fair, in the eyes of Mr. Sills because, the company never actually placed Mr. Sills in the job that they told him he would be doing, but instead, Mr. Sills was swindled into a job, that he did not apply for in the 1st place. Mr. Sills applied for a job as a professional drafter, which as time went on became a job as a general laborer pushing 2000 pound wood pallet carts, and loading wood machines, Mr. Sills would also like to point out that Rex Lumber Corporation has a history of occupational safety and health violations, which caused the death of an employee at one of their facilities. Mr. Sills took sick time to recover from injury, and sickness. Mr. Sills also filed a federal OSHA complaint against Rex Lumber for dangerous conditions that existed at the Corporation, where he worked, because of this, the company retaliated with termination, because of Mr. Sills taken sick time off, and filing an OSHA complaint. Which is a violation of federal laws.

2,

(5.)

In order for the court to understand the associated conciliation concerning this complaint I have enclosed the summary of events that took place during that conciliation, the attorney for the conciliation case was Rachel D Orio, Esq **A partner at the law firm of WYATT & ASSOCIATES, employment law specialists.** The summary letter written to Elizabeth Marcus Esq, who was the mediator for the equal employment opportunity commission. The summary letter and exhibits have been enclosed for the court in the body of this letter, so that the court can get a better legal understanding, considering the fact that Mr. Sills is a pro se plaintiff, seeking relief for his claim.

(6.)

**Enclosed summary Letter & exhibits**
**WYATT & ASSOCIATES**

ADA / Americans with disabilities act 42 U.S.C () 12101 (b) (1) 42 U.S.C () 12182 (a)]

Title VII of the civil rights act of 1973 29 U.SC

ADEA age discrimination act Employment act
29 U.S.C () 621 as the law is related to age discrimination.

**Massachusetts Gen. Law,**

M.G.L c 151B

The plaintiff request that the court review all documentation before considering any motions to dismiss the case from court. **(Special action)** request.

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081 CV 2800 L2

JEROME L SILLS, PLAINTIFF(S),

V.

REX LUMBER CO., DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO REX LUMBER CO. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Superior Court Lowell Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court, Superior Court (address), by mail or in person, **AND** 370 Jackson Street Lowell MA 01852
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 370 Jackson ST Lowell MA 01851

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20 ___.

_(signature)_

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _NOVEMBER 19_, 20 ___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_UNITED STATES POST OFFICE._
_CERTIFIED MAIL RETURN RECEIPT._
_REQUESTED_

Dated: _November 19_, 20 _20_     Signature: _(signature)_

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_November 19th, 2020_

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2081CV2800 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Jerome C Sills | | COUNTY |
| ADDRESS: 134 Shaw Street Lowell MA 01851 | | DEFENDANT(S): Rex Lumber Company 840 Main Street Acton MA 01720 |
| ATTORNEY: Pro Se | | |
| ADDRESS: | | ADDRESS: |
| BBO: | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Contract | F | ☐ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO
Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................................................................................. $
  2. Total doctor expenses .................................................................................................................. $
  3. Total chiropractic expenses .......................................................................................................... $
  4. Total physical therapy expenses ................................................................................................... $
  5. Total other expenses (describe below) ......................................................................... Subtotal (A): $

B. Documented lost wages and compensation to date ......................................................................... $
C. Documented property damages to date ............................................................................................ $
D. Reasonably anticipated future medical and hospital expenses ........................................................ $
E. Reasonably anticipated lost wages ................................................................................................... $
F. Other documented items of damages (describe below) ...................................................................

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)
☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X                                Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                Date:

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2081CV02800 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Sills, Jerome C vs. Rex Lumber Company | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: Jerome C Sills<br>134 Shaw St<br>Lowell, MA 01851 | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**      **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/17/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 03/19/2021 | |
| All motions under MRCP 12, 19, and 20 | 03/19/2021 | 04/20/2021 | 05/18/2021 |
| All motions under MRCP 15 | 03/19/2021 | 04/20/2021 | 05/18/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 09/15/2021 | | |
| All motions under MRCP 56 | 10/15/2021 | 11/15/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/14/2022 |
| Case shall be resolved and judgment shall issue by | | | 11/21/2022 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>11/19/2020 | ASSISTANT CLERK<br>Beatriz E Van Meek | | PHONE<br>(781)939-2745 |
|---|---|---|---|

Date/Time Printed: 11-19-2020 11:43:05      SCV026\ 08/2018