UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEROME C. SILLS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-12235-ADB |
| | * | |
| REX LUMBER COMPANY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

In this action, *pro se* plaintiff Jerome C. Sills alleges that his former employer, Rex Lumber Company ("Rex Lumber"), unlawfully discriminated against him. Rex Lumber moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil [ECF #13]. In response to this motion, Sills filed an amended complaint [ECF #18]. For the reasons stated below, the Court will DENY the motion to dismiss without prejudice and direct Sills to file a second amended complaint.

I. Background

A. Original Complaint

Sills commenced this action on November 19, 2020 by filing his complaint against Rex Lumber in Middlesex Superior Court. Rex Lumber removed the case to this Court on December 17, 2020.

In his original complaint [ECF #1-1], Sills represents that, on February 13, 2020, he and his counsel negotiated "a conciliation and settlement agreement concerning the charge of unlawful discrimination, under the Americans with disabilities act." *Id.* ¶ 2 [sic]. Sills asserts

that "[a] settlement was reached, but that [he] refused to sign the agreement, because he deemed it to be an unfair agreement." *Id.* The settlement agreement was for $2,000. *Id.* According to Sills, "[t]he simple fact that the defendants offered $2000, means that they knew that there was enough evidence available to prove that they were wrong in the termination that they carried out." *Id.* ¶ 3. Sills maintains that the settlement agreement was not fair because:

> [t]he company never actually placed Mr. Sills in the job that they told him he would be doing, but instead, Mr. Sills was swindled into a job that he did not apply for in the 1st place. Mr. Sills applied for a job as a professional drafter, which as time when on because a job as a general laborer pushing 2000 pound wood pallet carets, and loading wood machines[.] Mr. Sills would also like to point out that Rex Lumber Corporation has a history of occupational safety and health violations, which cause the death of an employee at one of their facilities. Mr. Sills took sick time to recover from injury, and sickness. Mr. Sills also filed a federal OSHA complaint against Rex Lumber for dangerous conditions that existed at the Corporation, where he word, because of this, the company retaliated with termination, because of Mr. Sills taken sick time off, and filing an OSHA complaint. Which is a violation of federal laws.

*Id.* ¶ 4. Other than his representation that he received a right to sue letter from the Equal Employment Opportunity Commission dated August 21, 2020 "primarily in violation of the Americans with disabilities Act, of 1990," *id.* ¶ 2, the complaint does not set forth any additional allegations about his claims of wrongful discrimination.

### B. Rex Lumber's Motion to Dismiss

On January 11, 2021, Rex Lumber filed a motion to dismiss [ECF #11] and supporting memorandum [ECF #12]. In its memorandum, Rex Lumber argues that Sills's complaint does not meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure because Sills has not alleged any factual allegations to support his broad claims of discrimination. Rex Lumber also asserts that Sills's allegations concerning the earlier settlement discussions between the parties does not provide a basis for a cause of action. On January 15, 2021, Rex Lumber amended its motion to dismiss [ECF #13] to clarify that its motion is brought

under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Sills's Amended Complaint

On February 23, 2021, Sills responded to Rex Lumber's motion to dismiss by filing three documents: "Response to Order to Show Cause" [ECF #16]; an opposition to the motion to dismiss, which includes 179 pages of exhibits [ECF #17]; and an amended complaint [ECF #18].[1] In the Response, Sills characterizes his new pleading as a "complaint for employment discrimination." [ECF #16 at 1]. He further states: "This complaint was basically rewritten utilizing standard court forms because defendant, became disgruntled about how the complaint was written, so I took the liberty of rewriting it, to make it conform more to a standard court format." *Id.* Sills characterizes his opposition to the motion to dismiss as "a set of exhibits that go along with the complaint for employment discrimination." *Id.*[2]

Sills uses a standard employment discrimination template for his amended complaint. He identifies Title VII of the Civil Rights Act of 1964, ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and M.G.L. ch. 151B, § 4 and ch. 152, § 75B as the bases for this Court's jurisdiction. Amend. Compl. [ECF #18] at 3. The third section of the form pleading is titled "Statement of the Claim.," in which Sills alleges the following:

> This claim is for employment discrimination, the facts are as follows, a charge
> was filed with the EEOC for violation of the [ADA], at such time, Sills had
> ongoing treatment for injuries, that he suffered, and the defendants [sic]
> workplace, see [ADA]. Defendant failed to provide a safe working environment
> & accommodations for disability. The plaintiff filed, one OSHA complaint and

---

[1] Sills captioned this pleading as a complaint, rather than an amended complaint. To avoid confusion between his original complaint and this second complaint, the Court refers to Sills's February 23, 2021 pleading as an amended complaint.

[2] On March 1, 2021, Sills filed two documents concerning Rex Lumber's allegedly unfair conduct during settlement negotiations. [ECF ## 19, 20]. While Sills may believe that Rex Lumber's proffered settlement amount was sorely inadequate, any prior settlement discussions between the parties are irrelevant in determining the sufficiency of the amended complaint.

3

was terminated by defendant in violation of section 11.C. occupational safety health act of 1970 and M.G.L. CH 151B & 75" [sic] is entitled to relief under the state and federal laws, the plaintiff is entitled to sick time that was never paid by the defendant, as well as other such damages, pain, & suffering, loss of income, emotional distress. Discrimination and job occupation, discrimination, and pay, & wages.

*Id.* at 4.[3]

By checking a series of boxes, Sills represents that the discriminatory conduct of which he complains is the termination of his employment, the failure to accommodate his disability, the unequal terms and conditions of his employment, retaliation, and an "unfair settlement agreement, controlled by the defendant." *Id.* Sills states that the alleged discriminatory acts occurred on October 14, 15, 16, and 18, 2019, and that the defendant "is/are still committing these acts against [him]." *Id.*[4] In addition, the form complaint directs the litigant to identify the basis or bases on which the defendant discriminated again them and lists seven choices. Of the seven choices, Sills identifies only "disability or perceived disability" as the basis for his claim. *Id.* In the field where the litigant should "specify disability," Sills writes only "work, injury,

---

[3] The Court notes that the instructions for this section of the form complaint appear as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing hat each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, *including the dates and places of that involvement or conduct.*

*See Complaint for Employment Discrimination*, United States Courts Form Pro Se 7 (Rev. 12/16) (emphasis added), *available at https://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination* (last visited June 8, 2021). These instructions are not, however, included in the form amended complaint Sills submitted. It appears that he deleted or covered up this directive.

[4] This appears to refer to Sills's belief, as expressed in the "Relief" section of the amended complaint, that "[t]he wrongs are continuing at this time because the defendant failed to make a fair settlement agreement." Amend. Compl. at 6.

4

failure to accommodate, unfair termination." *Id.*

In the portion of the complaint designated for the facts of the case, Sills writes:

1. A charge was filed with the EEOC, and the defendant engaged in settlement negotiations.
2. The same charge was duly filed with the Massachusetts commission against discrimination.
3. A complaint was filed with the occupational safety and health commission for unsafe working conditions, Sills was terminated for filing a safety complaint.
4. Defendant never paid Mr. Sills for sick time during the period of injury.
5. Additional facts, and references to this case have been laid out in a series of exhibits.

*Id.* at 5.

Sills included with his amended complaint the charge of discrimination that he filed with the EEOC. [ECF #18-1 at 3-4]. He also submitted a letter dated October 24, 2019 from the Occupational Safety and Health Administration ("OSHA") to himself in which OSHA states, in relevant part:

> OSHA received your inquiry about filing a complaint under Section 11(c) of the Occupational Safety and Health Act (the Act) of 1970.
>
> Section 11(c) protects employees of private industry who complaint about safety and/or health at their work place . . . .
> . . .
>
> You informed the investigator that you do not wish to file a complaint under Section 11(c) at this time. That is, your sole intent for contacting OSHA was to file a safety and health complaint."

[ECF #18-1 at 8].

In response to Sills's February 23, 2021 submissions, Rex Lumber sought and obtained leave to file a reply brief. In this document, Rex Lumber asserts that the new pleading did not cure the defects of the original pleading and that any newly-advanced theories of liability fail as a matter of law. [ECF #23].

5

## II. Discussion

### A. Rex Lumber's Amended Motion to Dismiss Is Moot

Under the Federal Rules of Civil Procedure, Sills was required to obtain leave from the court or consent from Rex Lumber prior to filing a second pleading. *See* Fed. R. Civ. P. 15(a)(2). Notwithstanding, the Court *sua sponte* gives Sills leave to file an amended complaint, *nunc pro tunc*. *See, e.g.*, *Brown v. Matauszak*, 415 Fed. App'x 608, 614-15 (6th Cir. Jan. 31, 2011). In light of the superseding pleading, Rex Lumber's amended motion to dismiss [ECF #13] shall be denied without prejudice as moot.

### B. Review of the Amended Complaint

The Court declines to treat Rex Lumber's reply as a motion to dismiss the amended complaint. Nevertheless, a district court may, *sua sponte*, consider whether a pleading states a claim upon which relief may be granted; but, it cannot dismiss the action without prior notice to the plaintiff unless it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). Thus, notwithstanding the termination of Rex Lumber's amended motion to dismiss as moot, the Court will address the sufficiency of the amended complaint. In doing so, the Court will take into account Rex Lumber's arguments in its reply [ECF #23] in support of its position that the amended complaint fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015 (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521

F.3d 76, 84 (1st Cir. 2008)). This means that it needs to provide "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)). The allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)).

Sills's amended complaint does not meet the standard for a "short and plain" statement of his claim showing that he is entitled to relief. As a threshold matter, it unclear what legal claims Sills asserts. He identifies Title VII as a jurisdictional basis for the action, but he does not include in the body of his amended complaint any allegations suggesting that Rex Lumber discriminated against him on the basis of race, color, gender, religion, or national origin. In his "Statement of claim," Sills states that he was subject to "[d]iscrimination and job occupation, discrimination, and pay, & wages." Amend. Compl. at 4. The nature of this claim is vague. In addition, Sills mentions in his various filings several statutes which he believes Rex Lumber

violated, but he does not clearly state whether he is attempting to assert a cause of action under these laws.

Further, the amended complaint lacks key factual allegations necessary to give Rex Lumber notice of its alleged misconduct upon which Sill's claims rest. For example, Sill asserts a claim under the ADA, but he does not explicitly identify his disability, the reasonable accommodations he requested, when he requested them, and Rex Lumber's response thereto.[5] While Sills is not required to set forth in his pleading every factual allegation in support of this claims, he must nonetheless provide Rex Lumber with sufficient notice of the allegedly illegal conduct on which he is basing his claims. It is of no consequence that Rex Lumber may be aware of facts upon which Sills bases his claims. Sills has an obligation to set factual allegations that would permit any person unfamiliar with Sill's employment history to understand what specific acts of alleged misconduct by Rex Lumber gave rise to this action.

The Court recognizes that Sills does state that he laid out "[a]dditional facts, and references to this case . . . in a series of exhibits." Amend. Compl. at 5. The amended complaint includes twelve pages of exhibits and the opposition [ECF #17], which Sills characterizes "a set of exhibits that go along with the complaint for employment discrimination" [ECF #16], contains 214 pages of exhibits. A statement of a claim is not "short" or "plain" if the defendant or the

---

[5] The Court notes that, under Massachusetts law, "[a]ny employee who has sustained a work-related injury and is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of such job with reasonable accommodations, shall be deemed to be a qualified handicapped person under the provisions of chapter one hundred and fifty-one B." *See* MGL ch. 152, s. 75B(1). The ADA does not explicitly include a work-related injury in its definition of a disability, but it does provide that an impairment that is "episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D); *see also Mancini v. City of Providence by and through Lombardi*, 909 F.3d 32, 41(1st Cir. 2018) (stating that "it is clear that injuries can comprise impairments [under the ADA], even when their impact is only temporary").

8

Court is required to mine hundreds of pages of exhibits to discover plaintiff's legal claims or discern the relevant factual allegations. *See Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1988) ("Further, the statement of the claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" (alteration in original) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969))).

Finally, Sills appears to assert claims that fail as a matter of law regardless of any insufficiency of factual allegations. As examples, Sills claims that he is entitled to relief because Rex Lumber allegedly defaulted on the complaint. The Court has already rejected this argument. [ECF #8]. Sills alleges throughout his documents that Rex Lumber acted unfairly with regard to the parties' settlement discussions while his administrative complaint was pending before the EEOC. He believes that Rex Lumber acted in bad faith by offering a settlement much lower than Sills's perceived value of his claims. Whatever Rex Lumber's motivation, however, it was free to proffer a settlement in the amount of its choosing.

Moreover, Sills cannot bring a claim under federal law asserting that Rex Lumber terminated his employment allegedly because Sills reported a safety violation to OSHA. Section 660(c)(1) of Title 29 of the United States Code prohibits retaliation against an employee on the ground that the employee submitted a report of the employer's violation of safety rules. However, the employee's recourse is to file, within thirty days of said retaliation, a complaint with the Secretary of Labor ("Secretary"). *See* 29 U.S.C. § 660(c)(2). The Secretary of Labor must have the matter investigated as the Secretary "deems appropriate." *Id.* If the Secretary determines that the alleged retaliation occurred, the Secretary "shall bring an action in any appropriate United States District Court" against the person or entity retaliated against the

complainant. *Id.* The statute does not explicitly provide a private right of action whereby the injured party may file a suit in court for the alleged retaliation, and a private right of action cannot be inferred. *See, e.g.*, *Carson Willow Valley Cmtys.*, 789 Fed. App'x 310, 312 n.3 (3d Cir. 2019); *Longhorn Integrity Inspection Servs,, L.L.C. v. Muccurdy*, 738 Fed. App'x 273, 274 (5th Cir. 2018); *Johnson v. Interstate Mgmt.Co., LLC*, 849 F.3d 1093, 1098 (D.D.C. 2017).[6]

### C.     Filing of a Second Amended Complaint

Notwithstanding the insufficiencies of the amended complaint, it is not "crystal clear" that allowing Sills to file another pleading would be futile. Accordingly, if Sills wishes to proceed with this action, he must file a second amended complaint. The second amended complaint will supersede Sills's earlier pleadings and the Court will review its sufficiency without reference to the original and first amended complaint. The second amended complaint must clearly identify Sills's legal claims and concise factual allegations supporting each claim such that the Court may reasonably infer that Rex Lumber is liable to him. Whether or not Sills uses a form complaint, he must set forth his factual allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). While the use of exhibits is not prohibited, all pertinent factual allegations must be within the body of the complaint. Keeping in mind that the primary purpose of a pleading is to give a defendant notice of the plaintiff's claims, the second amended complaint must not contain legal arguments.

---

[6] Although OSHA does not provide a private right of action against an employer who retaliates against an employee for reporting a safety violation, Massachusetts law recognizes a claim for wrongful termination in violation of public policy. *See, e.g.*, *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 89 (1st Cir. 2016) ("The baseline common law rule in Massachusetts is that an employer may lawfully terminate a relationship with an at-will employee at any time—for any reason, for no reason, and even for a reason that might be seen by some as unwise or unkind. . . . As a narrow exception, the Commonwealth protects at-will employees from terminations that conflict with sufficiently important and clearly defined public policies in Massachusetts." (citation omitted)).

Sills shall not include in his second amended complaint any of the following claims:

- Any claim concerning the parties' settlement attempts or Rex Lumber's choice to presently litigate this action in court. Further, Sills shall not bring any claims concerning the conduct of counsel for Rex Lumber during this litigation.

- Any claim concerning Rex Lumber's alleged default on the original complaint.

- Any federal claim that Rex Lumber retaliated against Sill for reporting a safety violation to OSHA.

- Any claim under Title VII unless Sill is able to allege facts supporting a reasonable inference that Rex Lumber discriminated against him on the basis of his race, color, religion, sex, or national origin and Sills filed an administrative complaint with the EEOC concerning the same.

- Any claim under the Equal Pay Act. This law prohibits discrimination in pay based on an employee's sex, *see* 29 U.S.C. § 206(d), and Sills does not suggest that Rex Lumber discriminated against him in this manner.

- Any claim under 15 U.S.C. § 45, which proscribes unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce. While this statute allows the Federal Trade Commission to bring claims against parties which violate its prohibitions, it does not provide a litigant with a private right of action. *See In re SuperValu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019); *Liu v. Amerco*, 677 F.3d 489, 492 (1st Cir. 2012); *Flores v. OneWest Bank, F.S.B.*, 172 F. Supp. 3d 391, 397 (D. Mass. 2016), *aff'd*, 886 F.3d 160 (1st Cir. 2018). Further, Sills's employment relationship with Rex Lumber does not constitute "commerce" within the context of this statute.

- Any claim implicating worker's compensation benefits. "Compensation under the [Massachusetts Worker's Compensation] act is the exclusive remedy for injuries to an employee suffered in the course of employment, regardless of the wrongfulness of the employer's conduct, or the foreseeability of harm." *Estate of Mouton v.* Puopolo,

467 Mass. 478, 482-83 (2014) (internal citation omitted). "Under the worker's compensation act, an employee who suffers an injury arising out of employment is entitled to an array of benefits depending on the nature of the injury. In general, an employee who suffers such an injury will recover medical expenses arising out of the injury, and receive, for some period of time, weekly payments based upon the employee's salary prior to her injury." *Benoit v. City of Boston*, 477 Mass. 117, 122 (2017). The exclusive remedy under the workers' compensation act encompasses claims for wages lost as a result of workplace injury, compensation for medical bills related to the injury, and even an employer's or an insurer's alleged mishandling of a worker's compensation claim. *See Fleming v. Nat'l Union Fire Ins. Co.*, 445 Mass. 381, 383 (2005) (holding that employer liability under M.G.L. ch. 93A was precluded by the workers' compensation act). The Massachusetts Industrial Accident Reviewing Board is the agency charged with administering the state's workers' compensation law, and judicial review of its decisions may only be commenced in a Massachusetts superior court. *See* M.G.L. ch. 30A, § 14(1); *Case of Sikorski*, 455 Mass. 477, 480 (2009).

- Any claim concerning Rex Lumber's motion to strike or seal documents. Sills may object to this motion (as he already has), but Rex Lumber's filing of the motion does not implicate Sills's constitutional rights.

- Any claim that counsel for Rex Lumber violated the Supreme Judicial Court's Rules of Professional Conduct. These rules do not give rise to a private right of action.

- Any claim concerning the classification of his position with Rex Lumber for purposes of the federal Fair Labor Standards Act ("FLSA"). The classification scheme to which Sills refers concerns an employee's right under the FLSA to mandatory overtime pay. When an employee is "employed in a bona fide executive, administrative, or professional capacity," the employer is not obligated under the FLSA to pay that employee overtime pay even when the employee works more than forty hours in a week. *See* 29 U.S.C. §§ 207(a)(1), 213(a)(1). This classification is

irrelevant to Sill's claim that he was hired as a professional drafter but was then given a lower paying position.

Sills may bring claims for disability and/or handicap discrimination provided that he sets forth sufficient factual material from which the Court may reasonably infer that Rex Lumber discriminated against him on the actual or perceived disability. He may also assert a claim for unpaid wages during sick leave to the extent that he claims his employer offered paid sick leave but wrongfully refused to allow Sills to use that leave. Further, Sills is not precluded from bringing a claim based on Rex Lumber's alleged failure to give Sills the job position and salary it had promised. In addition, nothing in this order prevents Sills from asserting a state law claim that his termination was in violation of public policy. The Court takes no position whether Sills should bring any of these claims, but rather is merely recognizing that, at this juncture, the Court cannot conclude that said claims would fail as a matter of law. If Sills does elect to bring one or more of these claims, he must set forth specific factual allegations supporting each claim.

### D. Other Pending Motions

#### 1. Rex Lumber's Motion to Strike or Seal

Rex Lumber has filed a motion to strike or seal documents submitted by Sills with his original complaint that allegedly contain "confidential settlement communications." [ECF #7 at 1]. Rex Lumber represents that, as part of participating in mediation conducted through the EEOC, the parties signed "the standard EEOC Confidentiality Agreement" and that Sills's inclusion of "confidential information relating to prior settlement discussions" in a public filing breached this confidentiality agreement. *Id.* Rex Lumber has not provided a copy of the information in question, but it is clear from Sills's submission of the state court record that document in question is found in Exhibit 4 of the original complaint and is a proposed settlement agreement. *See* [ECF #7 at 17-47]; [ECF #24 at 59- 89].

Because Rex Lumber has also not provided a copy of the "standard EEOC Confidentiality Agreement," the Court cannot determine whether Sills's filing of a proposed settlement agreement between the parties violated this agreement. However, the Court has already determined that Sills's allegations concerning Rex Lumber's allegedly unfair settlement negotiation tactics are immaterial to any viable claim. Accordingly, insofar as Rex Lumber moves to strike, the motion is GRANTED.

   2.   **Sills's Motion for Appointment of Counsel**

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it can be very difficult for the Court to find attorneys who will accept appointment as *pro bono* counsel. The appointment of counsel in a non-habeas civil action is only required where a party is indigent and exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See DesRosiers*, 949 F.2d at 23. To determine whether appointment of counsel is required, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

At this stage of the litigation, exceptional circumstances requiring the appointment of counsel do not exist. As set forth above, Sills has failed to state a claim upon which relief may be granted. The Court will therefore deny without prejudice the motion for appointment of counsel. Sills may renew either request once he has filed a second amended complaint and the Court has ordered Rex Lumber to respond to it.

## III. Conclusion

Accordingly:

1. The amended motion to dismiss [ECF #9] is DENIED without prejudice as moot.

2. If Sills wishes to pursue this action, he must, within thirty-five (35) days of the date of this order, file a second amended complaint which complies with the above-discussed requirements, including the requirements that Sills:

- Not assert claims concerning the parties' settlement attempts, the defendant's alleged default, or retaliation for reporting a safety violation.
- Not assert of the other claims enumerated above.
- Identify his legal claims.
- Set forth sufficient factual allegations which, if accepted as true, permit the Court to reasonably infer that Rex Lumber is has harmed Sills in a manner consistent with Sills's legal theories.
- Set forth his factual allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).
- Include factual allegations in the body of the pleading rather than referring to multiple pages of exhibits.
- Not contain legal arguments.

Failure to comply with this directive may result in dismissal of this action.

3. Rex Lumber is not required to respond to the second amended complaint until so ordered by the Court.

4. The motion to strike or seal [ECF #7] is GRANTED insofar as Rex Lumber asks that the identified pages from the exhibits of the original complaint be stricken.

5. The motion for appointment of counsel [ECF #9] is DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 30, 2021

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
DISTRICT JUDGE